*1*
*2*   JS-6
*3*
*4*
*5*
*6*
*7*
*8*              **UNITED STATES DISTRICT COURT**
*9*            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
*10*

| | |
|---|---|
| ANTONIO COPADO VILLALOBOS, an individual, | Case No. 5:20-cv-01905-JWH-SPx |
| Plaintiff | **ORDER ON PLAINTIFF'S MOTION TO REMAND [Dkt. No. 12]** |
| v. | |
| SPROUTS FARMERS MARKET, INC., a Corporation; MARIO SALDIVAR, an individual; and DOES 1 to 100, | |
| Defendants. | |

## I. INTRODUCTION

On August 11, 2020, Plaintiff Antonio Copado Villalobos filed his Complaint in Riverside County Superior Court, in which he alleges that he was injured after tripping over a pallet at a Sprouts market.[1] On September 15, 2020, Defendants SF Markets, LLC and Mario Saldivar removed the case to federal court, citing diversity jurisdiction.[2] On October 14, 2020, Villalobos filed a motion to remand this case to state court.[3] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons stated below, the Court **GRANTS** the Motion.

## II. LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the parties are completely diverse and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

---

[1] Notice of Removal, Ex. A (the "Complaint") [Dkt. No. 3-1].
[2] Notice of Removal [Dkt. No. 3].
[3] Pl.'s Mot. to Remand (the "Motion") [Dkt. No. 12]. Defendants point out that Villalobos did not comply with the conference of counsel requirement of L.R. 7-3. *See* Opp'n to Motion to Remand (the "Opposition") [Dkt. No. 17] 1:22-28. The parties must comply with the Local Rules, and ***the Court admonishes Villalobos's counsel for ignoring this obligation***. Nevertheless, the Court has an independent responsibility to ensure that it possesses subject matter jurisdiction over its cases, so, despite Villalobos's counsel's transgression, the Court addresses the merits of Villalobos's Motion.

Evidence establishing the amount in controversy is necessary only "when the plaintiff contests, or the court questions, the defendant's allegation." *See id.* "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds" the jurisdictional amount. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

### III. ANALYSIS

#### A. Diversity Jurisdiction

Defendants claim that although Mario Saldivar is a resident of California, "his residency should be disregarded on the basis that he is a 'sham' defendant for the purposes of diversity in that no possible cause of action has been stated against that party."[4] Plaintiff disputes that Mr. Saldivar is a "sham" defendant.[5] The Court does not reach this issue, however, because Defendants—the removing parties—have failed to establish that the amount in controversy requirement is satisfied.

Villalobos pleads in a form complaint that Defendants negligently "left a pallet laying near the entrance/exit" of a Sprouts market and that he tripped over the pallet, fell, and sustained serious injuries.[6] As a result of the fall, Villalobos alleges that he "has been, and will continue to be, prevented from working in his usual occupation, and he has suffered, and will continue to suffer, a loss of earnings and earning capacity."[7]

Defendants' sole argument for why the amount in controversy requirement is met is as follows:

---

[4] Notice of Removal ¶ 6.
[5] *See* Motion 4:7-8:1.
[6] Complaint 1.
[7] *Id.*

On September 8, 2020, Defendants requested that Plaintiff confirm that the alleged case value was greater than $75,000.00. Plaintiff failed to respond to multiple requests, other than to question diversity jurisdiction between the parties. As such, it is presumed that Plaintiff alleges the case value to exceed $75,000.00.[8]

This explanation is insufficient. It is not apparent from the face of the Complaint that the amount in controversy exceeds $75,000. *See, e.g.*, *Corbelle v. Sanyo Elec. Trading Co.*, No. C-03-1509 EMC, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003) (complaint contained allegations of serious and permanent injuries, medical expenses, and lost wages, but "these allegations alone" were not sufficient to "establish that it is more likely than not that the amount in controversy exceeds $75,000").

Defendants argue that Villalobos presents no evidence with his Motion.[9] But it is Defendants' burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000 jurisdictional threshold. *Id.* ("When the complaint does not demand a specific dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000."). The purported failure of Villalobos's attorney to confirm the amount in controversy does not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, and Defendants cite no authority in support of their position. *See also Rindels v. Tyco Integrated Sec., LLC*, No. CV 14-6536 RSWL CWx, 2015 WL 469013, at *4 (C.D. Cal. Feb. 4, 2015) ("fact that Plaintiff refuses to stipulate to damages below the threshold is not a compelling reasons to establish jurisdiction"); *Herlan v. Casentric, LLC*, No. 15CV913-MMA (RBB), 2015 WL

---

[8] Notice of Removal at ¶ 7.
[9] Opposition 7:4-9.

11658716, at *4 (S.D. Cal. July 10, 2015) (refusal to stipulate to amount in controversy not sufficient to overcome the strong presumption against removal); *DuFoe v. Bank of Am. Corp.,* No. CV 10-6269 ODW (RCx), 2010 WL 11601828, at *3 (C.D. Cal. Oct. 28, 2010) (same).

Accordingly, Defendants have failed to meet their burden of establishing that the amount in controversy requirement is met.

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Villalobos's Motion.  This case is remanded to the Riverside County Superior Court.

**IT IS SO ORDERED.**

Dated: November 18, 2020

John W. Holcomb
UNITED STATES DISTRICT JUDGE